No. 11-1674 – *State v. Bowling*

**FILED**

**October 11, 2013**

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Workman, Justice, dissenting:


I reluctantly dissent from the majority's opinion, which upholds the petitioner's conviction notwithstanding the fact that all five members of this Court agree that in the petitioner's trial there were three separate instances in which testimony elicited by the State violated the Confrontation Clause found in Amendment VI of the United States Constitution, and in article III, section 14 of the West Virginia Constitution; and that in two additional instances, the circuit court's admission of testimony elicited by the State constituted an abuse of discretion.


Having served as a circuit judge for seven years in the state's busiest circuit and having conducted more jury trials than any other circuit judge in the state during that period, I recognize that there is no such thing as a perfect trial. A trial court judge must make quick decisions on a whole plethora of legal issues in the very fluid environment of a jury trial. However, this Court is seeing on a regular basis convictions of defendants where there is solid evidence to prove guilt beyond a reasonable doubt, as our system mandates, yet where prosecutors in their zeal to convict are sometimes failing to give proper regard to the constitutional rights that belong to all of us.

1

This dissent is reluctant not only because there was probably sufficient evidence to convict without resorting to violating well-established constitutional and legal principles, but further where a reasonable argument could be made that any of the errors in the instant case, standing alone, was harmless. Indeed, two, or maybe even three of these errors, taken together, could be deemed harmless. However, under our long-established doctrine of cumulative error, I cannot agree that the combination of five errors, all egregious, all prejudicial, and three in clear violation of the Constitution, were harmless.[1]

---

[1]The standard for determining whether error is harmless where constitutional rights are involved was discussed by the Court in *State v. Kelley*, 192 W. Va. 124, 451 S.E.2d 425 (1994) as follows:

> Where constitutional rights are involved, the United States Supreme Court in *Fahy v. Connecticut*, 375 U.S. 85, 84 S.Ct. 229, 11 L. Ed. 2d 171 (1963), set forth the federal standard in regard to harmless constitutional error. The paramount question that must be answered in making this determination is "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." *Id*. at 86-7, 84 S. Ct. at 230, 11 L. Ed. 2d at 173.

> Shortly thereafter, the Court revisited *Fahy* in *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967). The court noted its rule and not the state's rule is controlling when constitutional errors are raised. In relying upon *Fahy*, the court reiterated that "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Id*. at 24, 87 S. Ct. at 828, 17 L. Ed. 2d at 710-11.

> Our adoption of this standard was pronounced in *State v. Thomas*, 157 W. Va. 640, 203 S.E.2d 445 (1974). We held in

(continued...)

2

This Court has held that

'[w]here the record of a criminal trial shows that the cumulative effect of numerous errors committed during the trial prevented the defendant from receiving a fair trial, his conviction should be set aside, even though any one of such errors standing alone would be harmless error.'  Syllabus Point 5, *State v. Smith*, 156 W. Va. 385, 193 S.E.2d 550 (1972).

Syl. Pt. 6, *State v. Schermerhorn*, 211 W. Va. 376, 566 S.E.2d 263 (2002); *see also* Syl. Pt.

9, *State v. Lively*, 226 W. Va. 81, 697 S.E.2d 117 (2010); Syl. Pt. 5, *State v. Walker*, 188 W.

Va. 661, 425 S.E.2d 616 (1992).  *Cf. Tennant v. Marion Health Care Found.*, 194 W. Va. 97,

459 S.E.2d 374 (1995) (holding, in syllabus point eight, that the doctrine of cumulative error

may be applied in a civil case).  In the instant case, where there is not even a scintilla of

plausible  justification to support admission of the testimony at issue,[2] the cumulative effect

---

[1](...continued)
syllabus point 20 of *Thomas* that: "Errors involving deprivation of constitutional rights will be regarded as harmless only if there is no reasonable possibility that the violation contributed to the conviction."

*Kelly*, 192 W. Va. at 130, 451 S.E.2d at 431.

[2]In this regard, and with respect to all five errors, the State's arguments in favor of admissibility cannot withstand the slightest scrutiny.  For example, when the petitioner's counsel objected to the testimony of Charles Richmond that at a time remote from the commission of the murder, "[the victim] made me promise that if she were to be killed in her sleep that I would tell the police that it was no accident[,]" the State argued that the testimony was not hearsay because "it's asking for a promise." The circuit judge agreed, "yeah, what did he promise to do."  I am at a loss to discern where in the West Virginia Rules of Evidence anyone can point to an exception to the hearsay rule for out-of-court statements "asking for a promise."   Further, I am at a loss to discern any logic behind the State's argument that an

(continued...)

of the multiple errors prevented the petitioner from receiving a trial that can be considered fair under our state and federal constitutions.

I understand that trial attorneys, including prosecutors, in their zeal to win cases at trial and then, armed with a jury verdict in their favor, take their chances on appeal. But as this Court has held, the duty of a prosecutor is to "'seek justice, not merely to convict.'" *State v. Britton*, 157 W. Va. 711, 716, 203 S.E.2d 462, 466 (1974) (citations omitted); *see also Lawyer Disciplinary Bd. v. Hatcher*, 199 W. Va. 227, 235, 483 S.E.2d 810, 818 (1997) (discussing the Comment to Rule 3.8 of the West Virginia Rules of Professional Conduct).[3] A significant part of that duty is to seek to introduce evidence of the accused's guilt which does not violate the constitutional rights possessed by all of us.

Similarly, courts must stand as a bulwark for the protection of individual rights, and this is a case which cries out for this Court to take a stand for the protection of constitutional rights. In light of the finding by five Justices of significant and multiple violations of our constitutions, I must reluctantly conclude that this prosecutor, one of the

---

[2](...continued)
out-of-court statement, given by the declarant for the express purpose of being repeated to law enforcement, is not testimonial.

[3]"A prosecutor has the responsibility of a minister of justice and not simply that of an advocate. This responsibility carries with it specific obligations to see that the defendant is accorded procedural justice and that guilt is decided upon the basis of sufficient evidence."

4

best and brightest, stepped over the line of zealous advocacy and into the zone of win-at-all-costs.

In the instant case, the State perhaps realized it had gone too far, because at several points during the trial, the prosecutor herself requested and received curative instructions.  However, I cannot accept the State's argument that the circuit court's cautionary or curative instructions, given at several points during the trial, were sufficient to cure the multiple errors which infected these proceedings.  A cautionary instruction to the jury may un-ring the proverbial  bell, but it cannot un-ring a carillon.

For these reasons, I dissent.